## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2020

No. 19-20368

Lyle W. Cayce
Clerk

MT. HAWLEY INSURANCE COMPANY,

Plaintiff - Appellee

v.

HUSER CONSTRUCTION COMPANY, INCORPORATED,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-787

Before WIENER, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

This case involves a coverage dispute between a general contractor, Huser Construction Co. ("Huser"), and its insurer, Mt. Hawley Insurance Co. ("Mt. Hawley"), regarding the interpretation of a commercial general liability policy that Mt. Hawley issued to Huser. The policy provided coverage for bodily injury and property damage but excluded property damage to the insured's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20368

"work" unless that damage was caused by a subcontractor. The policy also excluded property damage arising out of breach of contract.

Non-party Eagle Heights Pleasanton, LLC ("EHP") engaged Huser as a general contractor for the construction of an apartment complex in Pleasanton, Texas. In its role as general contractor, Huser agreed to: (1) "accept[ a] relationship of trust and confidence," (2) exercise "skill and judgment in furthering the interests of [EHP]," (3) "furnish efficient business administration and supervision," (4) "furnish at all times an adequate supply of workers and materials," and (5) "perform the [w]ork in an expeditious and economical manner consistent with [EHP]'s interests." The contract between EHP and Huser permitted portions of the work to be completed by subcontractors. A Huser subcontractor, Schaffer Mechanical Company, Inc. ("Schaffer"), performed the HVAC installation.

After taking possession of the building, EHP discovered deficiencies in the HVAC system and filed suit against Schaffer and Huser ("the underlying action"). Huser tendered the underlying action to Mt. Hawley for defense and indemnity. Mt. Hawley denied coverage on the basis that the property damage arose out of breach of contract and filed a declaratory judgment action seeking a declaration that it does not owe Huser defense or indemnity.

The district court granted summary judgment in favor of Mt. Hawley, concluding that Mt. Hawley does not owe Huser defense or indemnity with respect to the underlying action because it arose out of a breach of contract. Huser appeals, arguing that the underlying action is covered under the subcontractor exception to the "your work" exclusion because a subcontractor caused the property damage at issue in the underlying action.

We have conducted a de novo review of the record on appeal, including the exhaustive order and reasons of the district court, the briefs of the parties, and the arguments raised at oral argument. Like the district court before us,

## No. 19-20368

we are convinced that Mt. Hawley does not owe Huser defense or indemnity with respect to the underlying action. The judgment of the district court is AFFIRMED for essentially the reasons expressed by that court.